CALLAHAN, Circuit Judge,
dissenting:
I respectfully dissent. Arellano filed a barebones asylum application that, in addition to lacking important details, offered at best a weak explanation for why he had not filed it within “within one year of his last date of entry into the United States.” 8 U.S.C. § 1158(a)(2)(B); see also 8 C.F.R. § 1208.4(a)(2). Arellano told the immigration judge (“IJ”) that he wanted to proceed with that application, but that he was going to supplement it. In other words, everyone at the May 24, 2006, hearing understood that more needed to be done. Indeed, this may have been the reason the IJ did not reject or return Arellano’s application as incomplete under 8 C.F.R. § 1208.3.
Thus, it should have come as no surprise when, at the October 6, 2010, hearing, the IJ was perplexed by Arellano’s failure to supplement his application, despite having had five months to do so. Busy immigration courts should not be required to give an alien a second or third chance to do what he should have done (and promised he would do) initially. Moreover, when the IJ expressed his concerns, Arellano made no representation that his application would be timely if only the IJ gave him the chance to supplement it; the IJ might reasonably have thought more process would be a useless exercise. The IJ weighed the parties’ arguments and set forth a reasoned basis for his decision. Even if Arellano could have offered some further explanation, doing so would have been unfair to the government, because it would not have had time to investigate or consider whatever additional information Arellano intended to provide.
Because, in my view, the IJ did not abuse his discretion in pretermitting Arel-lano’s asylum application, I would grant the government’s request for a voluntary remand to apply 8 C.F.R. §§ 1003.31(c) and/or 1208.8(a), rather than grant Arella-no’s petition.